IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**CHRIS UMBERGER,**

    **Petitioner**

**v.**                                       **Case No. 2:10-cv-00364**

**JOHN C. MCKAY, Administrator,**
**South Central Regional Jail,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

On March 19, 2010, Petitioner, who, at the time, was incarcerated at the South Central Regional Jail, in Charleston, West Virginia, filed a Letter-Form Petition for a Writ of Habeas Corpus, which the court treated as being filed pursuant to 28 U.S.C. § 2241 (# 1). On March 19, 2010, the Clerk mailed a letter to Petitioner, enclosing a form Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the form used by this court for such proceedings) and an Application to Proceed Without Prepayment of Fees and Costs for Petitioner to complete and return for filing.

Since that time, Petitioner has not filed any additional forms and he has taken no action whatsoever to move this case forward. A search of the Regional Jail and Correctional Facility website indicates that Petitioner is no longer incarcerated in that facility. Nor does Petitioner's name appear on the online

searchable databases for the West Virginia Division of Corrections or the Federal Bureau of Prisons.  Thus, the court does not know if Petitioner is even still in custody anywhere.

The undersigned proposes that the presiding District Judge **FIND** that Petitioner has wholly failed to prosecute this civil action.  It is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter without prejudice for failure to prosecute.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder

v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Chief Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner.

    May 19, 2010
        Date

Mary E. Stanley
United States Magistrate Judge